# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | ) 1:09-cv-00522-AWI-JLT HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) GRANT RESPONDENT'S MOTION TO |
| v. | ) DISMISS PETITION FOR WRIT OF HABEAS |
| | ) CORPUS  (Doc. 17) |
| | ) |
| GEORGE S. GUIRBINO, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PETITIONER'S MOTION FOR |
| Respondent. | ) EMERGENCY INJUNCTIVE RELIEF (Doc. 8) |
| | ) |
| | ) ORDER DIRECTING OBJECTIONS TO BE |
| | ) FILED WITHIN TWENTY DAYS |
| | ) |
| | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR RELEASE (Doc. 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed this petition on March 19, 2009, raising a series of claims, the exact number of which cannot precisely be determined since Petitioner has listed them in a running narrative in his form petition.  However it appears that Petitioner is seeking to raise three primary claims, two of which challenge parole revocations, and one of which challenges a disciplinary

1

1    proceeding that extended the terms of his parole revocation. (Doc. 1).[1]

2           The Court notes that this is not the first time Petitioner has appears in habeas proceedings

3    in this Court. Petitioner originally challenged his 2004 conviction, out of which these subsequent

4    parole revocations and extensions arise, in case no. 1:04-cv-06452-TAG. On October 3, 2008,

5    the Court denied Petitioner's claims on their merits and entered judgment against Petitioner.

6    (Docs. 61 & 62 in case no. 1:04-cv-06452-TAG). Petitioner's appeal of that final order is still

7    pending in the Ninth Circuit.[2]

8           From the order on the merits in case no. 1:04-cv-06452-TAG, the Court has determined

9    that Petitioner was originally convicted in the Fresno County Superior Court in 2004 of the

10   following: (1) corporal injury to a co-habitant (Cal. Pen. Code § 273.5(a)); false imprisonment by

11   violence (Pen. Code § 236); (3) dissuading a witness by force or threat (Pen. Code § 136.1(

12   c)(1)); (4) resisting or obstructing a police officer (Pen. Code § 148(a)(1)); (5) vandalism (Pen.

13   Code § 594(a)); and (6) false imprisonment by violence (Pen. Code § 236). Petitioner was

14   sentenced to a term of three years and eight months.

15          It appears that Petitioner was originally paroled on November 26, 2006. (Doc. 8, p. 8).

16   Less than two months later, Petitioner violated his parole and was re-incarcerated until mid-

17   December 2007, when he was again released on parole. (Id.). Three weeks later, on January 4,

18   2008, Petitioner was cited for a parole violation that forms the basis for his claims in this

---

[1]Respondent reads the petition to state an additional claim relating to a parole extension. (Doc. 17, p. 2).
The record of Petitioner's numerous parole releases, parole violations, and re-incarcerations is far from clear. It is
possible that Petitioner suffered an additional parole revocation extension in November 2008 as a result of
possession of a manufactured weapon. (Doc. 8, p. 14). That allegation is not evident from the Court's own reading
of the petition. However, as the discussion that follows will make clear, regardless of how many parole revocations
or extensions Petitioner has suffered, the fact that he has completed those terms of re-incarceration and is presently
on parole once again moots any claims arising out of those prior revocations or extensions.

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d
331, 333 (9th Cir. 1993). The record of a court's own proceedings is a source whose accuracy cannot reasonably be
questioned, and judicial notice may be taken of a court's own records. Mullis v. United States Bank. Ct., 828 F.2d
1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645
F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v.
Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, this Court sua sponte takes judicial
notice of its own records, including the instant case as well as case no. 1:04-cv-06452-TAG.

petition, alleging that Petitioner had used cocaine and had failed to participate in a drug treatment program. (Doc. 1, p. 4). Petitioner alleges that his parole was revoked and he was incarcerated for those violations on February 2, 2008. (Id.).

Although the record is far from clear, it appears that Petitioner was released from that parole revocation incarceration on May 26, 2008, and the following day, on May 27, 2008, Petitioner complied with an order to appear at the Fresno Parole Office following his release from prison. (Doc. 8, p. 8; Doc. 1, p. 11). At that time, Petitioner refused to provide a urine sample for anti-narcotics testing. (Id.). Petitioner refused to provide a urine sample several days later, on June 2, 2008. (Id.). On June 5, 2008, a parole officer attempted to confirm that Petitioner was residing at the Fresno Rescue Mission, but the sign-in sheets did not contain any signatures for Petitioner. (Id.). On June 9, 2008, Petitioner again refused to provide a urine sample and was taken into custody for a parole revocation hearing. (Id.). On July 14, 2008, the Board of Parole Hearings ("the Board") revoked his parole and Petitioner was re-incarcerated as a result of these violations. (Doc. 8, p. 1).

Thereafter, Petitioner was scheduled to be paroled again on November 8, 2008, but, after a Board extension hearing on November 16, 2008, his parole revocation was extended for committing a disciplinary violation, i.e., battery on another inmate, on October 17, 2008. (Id.; Doc. 17, Ex. 5; Doc. 8, p. 1). This rules violation extended Petitioner's parole release date until April 7, 2009. (Doc. 1, p. 5).

This chronology coincides with the Court's own docket in this case, which indicates that Petitioner filed a Notice of Change of Address on April 9, 2009, indicating that he had been released on parole. (Doc. 7). On July 17, 2009, however, Petitioner filed a second Notice of Change of Address, indicating he had been re-incarcerated at Kern Valley State Prison ("KVSP"), Delano, California. (Doc. 16). From the present record, the Court cannot determine the reasons for Petitioner's latest re-incarceration in July 2009. However, inasmuch as the instant petition was filed four months earlier, on March 19, 2009, the claims in the instant petition cannot be premised on the events giving rise to Petitioner's most recent incarceration.

As mentioned, the instant petition was filed on March 19, 2009. On April 20, 2009,

Petitioner filed a motion for emergency injunctive relief to be released from custody of Wasco State Prison. (Doc. 8). On June 19, 2009, the Court ordered Respondent to file a response to the petition. (Doc. 9). On July 15, 2009, Petitioner filed a motion to grant release, in which Petitioner, in essence, argues the merits of the petition and requests an order from this Court releasing him from Respondent's custody. (Doc. 15). On August 18, 2009, Respondent filed the instant motion to dismiss the petition, contending that Petitioner's claims are not fully exhausted and that the petition is moot because Petitioner has now been released once again on parole. (Doc. 17).

On August 25, 2009, Petitioner filed with this Court a Notice of Change of Address, indicating his transfer to "Fresno Parole Units 3-6, 2222 G Street, Fresno, CA 93706." (Doc. 18). On November 2, 2009, Petitioner filed his opposition to the motion to dismiss, contending that he had exhausted all issues and that because he was still in Respondent's custody, albeit on parole, the claims are not moot. (Doc. 21).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition on the grounds that Petitioner has failed to exhaust his claims in state court and because the claims themselves are now moot in light of Petitioner's release on parole. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss contends that the petition contains unexhausted claims and that, in any event, those claims are now moot. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and because Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. The Petition Is Moot.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Court simply has no power to decide cases that do not affect the rights of the litigants in the case before them. Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

At the time of the filing of the petition, Petitioner was in Respondent's custody for a parole violation. That custody was extended several times by disciplinary findings that Petitioner had committed rules violations. When Petitioner was released again on parole, he re-offended and his parole was revoked. However, it appears undisputed that, subsequent to the filing of the instant petition, Petitioner was once again released from imprisonment and placed on parole, his prior parole revocation terms having been completed. Thus, although Petitioner remains in the

5

constructive custody of Respondent in his capacity as a parolee,  Petitioner is not currently "in custody" for the parole violations and disciplinary violations which form the basis of this habeas corpus proceeding.

A habeas petition that challenges an underlying conviction is not rendered moot by the expiration of the sentence that was imposed as a result of the conviction.  Lane v. Williams, 455 U.S. 624, 631-32, 102 S.Ct. 1322, 1327 (1982); Sibron v. New York, 392 U.S. 40, 55-56, 88 S.Ct. 1889, 1898-99 (1968); Wood v. Hall, 130 F.3d 373, 376 (9th Cir.1997).  In such a case, there is a presumption  that a criminal conviction has some continuing, collateral consequences that will preclude mootness, even if the collateral consequences are remote and unlikely to occur. See Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983, 985 (1998).   However, this presumption of continuing collateral consequences that is applied to criminal convictions does not extend to parole revocations.  Spencer, 523 U.S. at 112.  If a petitioner's parole violation term has already been served, the petitioner who seeks to challenge that parole revocation must demonstrate that continuing collateral consequences exist to preclude mootness.  Id. at 13-16; see  Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987).

In this case, it appears undisputed that Petitioner has *already served* both the two parole revocation terms and the parole revocation extension which form the basis of the instant habeas petition.  Petitioner has not alleged, let alone proven, that any collateral consequences will result from the challenged parole revocations or the extension.  In this regard, the Supreme Court has reviewed many hypothetical collateral consequences of a parole revocation finding–e.g., its use in a possibly future parole denial, in a possible future parole revocation, for impeachment evidence, and for a civil rights lawsuit--and found these consequences too speculative and dependent on too many other variables to constitute collateral consequences that would preclude mootness.  Spencer, 523 U.S. at 12-16.

Therefore, a finding by this Court in Petitioner's favor concerning the petition's claims would not entitle Petitioner to any beneficial collateral consequence.  In other words, no disability suffered by Petitioner will be removed, nor will Petitioner be entitled to any additional benefit, even if this Court were to find that any of the constitutional violations alleged in the

instant petition actually occurred.  See Lane, 455 U.S. at 633, 102 S.Ct. at 1328.  Thus, this petition is moot.   Simply put, the Court cannot order Petitioner to be released from a term of incarceration that he no longer serves.  Cox, 829 F.2d at 803.

Petitioner is free to pursue his grievances as civil rights claims, should he so desire.  The fact that this habeas claim arising out of his re-incarceration for his parole revocation is now moot because of his re-release on parole does not in any way restrict his ability to pursue appropriate legal remedies under 42 U.S.C. § 1983.  Spencer, 523 U.S. at 19 (Souter, J., diss.)(mootness of habeas claim arising out of completed parole revocation term does not preclude petitioner from pursuing civil rights claim).[3]

Regarding Petitioner's motion for release from custody (Doc. 15), the Court construes that motion as, in essence, a motion for a ruling on the merits of the petition.  So construing said motion, the Court denies the motion in light of the Court's Recommendation that the petition's claims are moot.

Regarding Petitioner's motion for emergency injunctive relief in the form of an order releasing him from prison (Doc. 8), in light of the Court's recommendations and the chronology set forth in this Findings and Recommendations, Petitioner's request for injunctive relief is moot and should therefore be denied.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.  The Court CONSTRUES Petitioner's motion for release (Doc. 15), as a request for a ruling on the merits; and,

2.   So construed, Petitioner's motion for a ruling on the merits (Doc. 15), is DENIED in light of the Court's recommendation that the petition is moot.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS:

1.  That Respondent's Motion to Dismiss the petition for writ of habeas corpus (Doc.

---

[3]In light of the Court's Recommendation that the petition be dismissed as moot, the Court need not address Respondent's alternative ground for dismissal, i.e., that Petitioner has failed to exhaust his claims in state court.

17), be GRANTED;

2.   That the petition for writ of habeas corpus (Doc. 1), be DISMISSED as MOOT; and,

3.   That Petitioner's motion for emergency injunctive relief (Doc. 8), be DENIED as MOOT.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE