UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | ) | 1:09-cv-00522-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | (Doc. 26) |
| | ) | |
| | ) | |
| GEORGE S. GUIRBINO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 19, 2009. (Doc. 1).

On August 18, 2009, Respondent filed a motion to dismiss the petition, contending that because Petitioner had already served all of the various parole revocations and extensions upon which the petition's claims were predicated, the petition was now moot. (Doc. 17). On February 5, 2010, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. 23). On March 17, 2010, the District Judge adopted the Findings and Recommendations and entered judgment. (Docs. 24 & 25). On April 5, 2010, Petitioner filed the instant motion for reconsideration, contending that the petition was not moot because he remained in Respondent's custody while he is on parole. (Doc. 26).

1


**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not alleged "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Indeed, the only argument Petitioner raises is that the petition is not moot because he remains in the custody of Respondent while on parole. This fact, however, standing alone, does not entitle Petitioner to reconsideration. Indeed, in its Findings and Recommendations, the Court expressly acknowledged that Petitioner, while on parole, remains in the "constructive" custody of Respondent in his capacity as a parolee. (Doc. 23, p. 6). However, as the Court pointed out in the Findings and

1  Recommendations, Petitioner cannot meet the "in custody" requirement of federal habeas law
2  because "Petitioner is not currently 'in custody' for the parole violations and disciplinary violations
3  which form the basis of this habeas corpus proceeding." (Id.).  Petitioner has already been released
4  from prison.   The present petition is moot because Petitioner has not shown that a favorable decision
5  will provide Petitioner with any redress that he has not already received.  See Hoffman v. Marshall,
6  2010 WL 107203, *1 (9th Cir. 2010);  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005).
7  Nothing in Petitioner's motion for reconsideration shows what relief is still available because
8  Petitioner has already been released on parole.
9       In sum, Petitioner has provided no evidence or circumstances that would satisfy the
10 requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 26), is DENIED.

IT IS SO ORDERED.

**Dated:   April 25, 2010**                   /s/ Anthony W. Ishii
                                CHIEF UNITED STATES DISTRICT JUDGE